UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MATTHEW HUGHES,
   Plaintiff,

vs.                                            No. 08-1317,

ROGER WALKER and JORGE MONTES,
   Defendants

<u>MERIT REVIEW AND CASE MANAGEMENT</u>

    This cause is before the court for merit review and case management. On November 6, 2008, the plaintiff filed a complaint pursuant to 42 U.S.C.§1983 against two defendants: Illinois Department of Corrections Director Roger Walker and Illinois Prisoner Review Board Chairman Jorge Montes.

    On December 4, 2008, the court conducted a merit review of the plaintiff's original complaint.  The plaintiff alleged that the defendants had violated his due process rights because he did not receive a preliminary parole revocation hearing within ten days.   The court noted that this allegation alone did not state a violation of the plaintiff's constitutional rights.  Nonetheless, since the plaintiff was proceeding pro se, the court gave the plaintiff one opportunity to file an amended complaint clarifying his claims.  The plaintiff was advised that his amended complaint must stand complete on its own and must list all intended defendants.   The plaintiff has now filed a motion for leave to file an amended complaint with a proposed complaint attached.  The motion is granted. [d/e 9]

    The court must also conduct a merit review of the plaintiff's amended complaint.  The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    The plaintiff's amended complaint does not name either of the defendants that were listed in his original complaint.  Instead, the plaintiff has named Defendant D. Dixon, a parole supervisor.

    The plaintiff says he was sentenced to two years in the Department of Corrections and one year of supervised release.  However, the plaintiff says he has not been allowed to participate in supervised release.  The plaintiff's complaint is somewhat difficult to decipher.  However, the plaintiff has attached several documents to his complaint that help explain his claim.

1

The Parole Violation Report states that the plaintiff was incarcerated from 2006 to October 10, 2008.   The report states that the Prisoner Review Board required the plaintiff to be placed on Electronic Monitoring while on mandatory supervised release.   An attempt was made to place the plaintiff with family or friends, but no suitable site was found.  In addition, an attempt was made to find a placement for the plaintiff in Cook County, but no beds were available.   It appears the Parole Violation Report was approved by Defendant Dixon on October 10, 2008, but a copy was not sent to the plaintiff until November 13, 2008.

The plaintiff filed a grievance on October 24, 2008 complaining that he had been notified he had violated parole, but he still had not received any paperwork explaining the violation.   The counselor's response on the same day states that the plaintiff was found to be a parole violator because no suitable host site could be found.   The plaintiff is informed that he will stay at the Pontiac Correctional Center until he meets with the Parole Board on November 17, 2008.   The plaintiff filed his original complaint on November 12, 2008.

The plaintiff says after the hearing on November 17, 2008, the plaintiff was found not to be in violation of Mandatory Supervised Release.   Nonetheless, the plaintiff says the very next day he was again found in violation of his parole.   The plaintiff says he did not receive a hearing within 10 days of the alleged violation, the terms of his Mandatory Supervised Release have are being violated and he is being illegally held.

The plaintiff asks for his immediate release from prison and for damages for his unlawful incarceration.   The plaintiff has previously brought this claim, but asked only for his release from incarceration. *See Hughes v Walker*, Case No. 08-1310  The court dismissed the claim, but allowed the plaintiff to proceed with other allegations. The court again admonishs the plaintiff that he:

> cannot use his §1983 lawsuit to ask the court to release him from prison.
> A petition for a writ of habeas corpus under 28 U.S.C. § 2254 'is the
> exclusive remedy for a state prisoner who challenges the fact or duration
> of his confinement and seeks immediate or speedier release.' *Hughes v Walker*, Case No.
> 08-1310, December 2, 2008 Merit Review Order,quoting *Heck v. Humphrey*, 512 U.S.
> 477, 481 (1994).

In the case before the court, the plaintiff is also asking for damages.   Nonetheless, the plaintiff has failed to state a claim upon which relief can be granted.   An inmate is only entitled to mandatory supervised release if he complies with the conditions imposed by the Illinois Prisoner Review Board.  *Neville v. Walker*, 878 N.E.2d 831, 834 (2007).

In *Neville,* a Lawrence Correctional Center inmate completed the determinate sentence imposed when he was convicted, but the Parole Review Board conditioned his transition to mandatory supervised release on his compliance with certain conditions including electronic

2

monitoring. *Neville,* 878 N.E.2d at 832.   The Department of Corrections attempted to find an acceptable host site that could accommodate him as a sex offender and accommodate his need for electronic monitoring, but no host site was found.   "Because plaintiff would be in immediate violation of the terms of his MSR were he released without a place to live that would allow electronic monitoring, DOC did not release him from custody as scheduled...."*Id.*

The Illinois Appellate Court found that the plaintiff's sentence had not been increased, since he was only entitled to mandatory supervised release as long as he could comply with the conditions imposed by the Parole Board. *Neville,* 878 N.E.2d at 834.

In this case, Illinois Department of Correction records state that sex offender registry is required for the plaintiff.   The Parole Board required electronic monitoring as a condition of his release, and no appropriate host site was found.   The plaintiff has failed to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED:**

1)   **The plaintiff's motion for leave to file an amended complaint is granted. [d/e 9].   The clerk is directed to file the plaintiff's attached complaint.**

2)   **The plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A.   All pending motions are denied as moot [d/e 11], and this case is closed, with the parties to bear their own costs;**

3)   **This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g).   The clerk of the court is directed to record the plaintiff's strike in the three-strike log;**

4)   **The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed.   The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available.   If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.   The filing fee collected shall not exceed the statutory filing fee of $350.00.**

5)      The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.

6)      The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.

7)      If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)c.  If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Entered this 4th day of September, 2009.

**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

4